# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 10, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JOHNNY L. PARSONS,**
**Claimant Below, Petitioner**

**vs.)    No. 17-0050** (BOR Appeal No. 2051432)
(Claim No. 2015009104)

**ALFORD HOME SOLUTIONS,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Johnny L. Parsons, by Thomas H. Peyton his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Alford Home Solutions, by Steven K. Wellman its attorney, filed a timely response.

The issue on appeal is the appropriate amount of a permanent partial disability award. This appeal originated from the July 10, 2015, claims administrator's decision granting no permanent partial disability award. In its June 16, 2016, Order, the Workers' Compensation Office of Judges affirmed the decision. The Board of Review's Final Order dated December 16, 2016, affirmed the Order of the Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Johnny L. Parsons, a carpenter, was injured in the course of his employment on September 3, 2014, when he carried a section of a wall to a dumpster. Mr. Parsons felt a pop in his left elbow and pain in his upper arm radiating into his left shoulder. Mr. Parsons presented to the emergency room and a left elbow x-ray revealed enthesopathy along the lateral epicondyle. The diagnosis was sprained left shoulder, sprained left elbow, and muscle strain of the left upper arm.  On October 2, 2014, the claim was held compensable for an injury to the left arm.

1

Mr. Parsons continued to suffer pain and eventually underwent an MRI of the left elbow that revealed a tear along the distal aspect of the biceps tendon with adjacent extensive, diffuse soft tissue edema. On October 22, 2014, Mr. Parsons underwent a left bicep repair performed by John Crompton, M.D., his treating physician. Mr. Parsons subsequently underwent three independent medical evaluations in an effort to determine the extent of his permanent impairment arising from the compensable injury.

On January 13, 2015, Prasadarao Mukkamala, M.D., authored a report stating that he had recently performed an independent medical evaluation of Mr. Parsons. Dr. Mukkamala noted that the allowed conditions in the claim were non-traumatic rupture of the biceps tendon and sprain of unspecified site of the left elbow and forearm. Dr. Mukkamala diagnosed rupture of the distal biceps tendon at the left elbow – repaired surgically. He opined that Mr. Parsons had not reached maximum medical improvement. Dr. Mukkamala noted that an MRI of the left shoulder was reasonable and any pathology revealed would need to be addressed. If the MRI showed no new pathology, then Mr. Parsons would need to begin physical therapy. Dr. Mukkamala opined that it would be six weeks before Mr. Parsons would reach maximum medical improvement. He deferred an impairment rating for two months.

On May 6, 2015, Mr. Parsons underwent a second independent medical evaluation performed by Dr. Mukkamala. Dr. Mukkamala again noted that the allowed conditions in the claim were non-traumatic rupture of the biceps tendon and sprain of unspecified site of the left elbow and forearm. At the time of evaluation, Mr. Parsons complained of pain on the left side of the neck and tingling in the left arm, along with pain on the radial aspect of the left forearm. Dr. Mukkamala examined Mr. Parsons and determined that he had reached maximum medical improvement for the compensable injury and did not need any further treatment, including future office visits, medication, pain management, or therapy. Dr. Mukkamala noted that during examination, Mr. Parsons exhibited a significant degree of symptom magnification and exaggerated-illness behavior. Dr. Mukkamala opined that Mr. Parsons did not have any permanent impairment resulting from the compensable injury. On July 10, 2015, the claims administrator granted no permanent partial disability award based on Dr. Mukkamala's report.

On November 19, 2015, Mr. Parsons underwent his third and final independent medical evaluation. David Soulsby, M.D., was the evaluator and he assessed a complete avulsion of the left biceps tendon (status post satisfactory repair), post-traumatic subluxation of the left ulnar nerve, cervical sprain/strain (subacute), and possible left brachial plexus injury. He stated that Mr. Parsons sustained either an acute cervical sprain/strain or a stretch injury to the left brachial plexus as a direct result of the compensable injury. Dr. Soulsby also attributed the subluxation of the left ulnar nerve to the compensable injury. Dr. Soulsby opined that Mr. Parsons had not yet reached maximum medical improvement and that further evaluation of the cervical spine was necessary. He stated that an MRI would be the next practical step in determining the degree of injury to his neck. In addition, Dr. Soulsby stated that EMG testing of the left upper extremity is necessary to document the severity of the injury to the ulnar nerve at the elbow and to look for evidence of neuropathic injury to the brachial plexus. Dr. Soulsby disagreed with the conclusions of Dr. Mukkamala that Mr. Parsons was at maximum medical improvement and noted that Dr.

Mukkamala failed to provide any explanation for the neck symptoms and/or radicular pain and apparently ignored these complaints. Dr. Mukkamala also failed to document the ulnar nerve injury to the left elbow, again ignoring the neurologic complaints of Mr. Parsons. Dr. Soulsby stated that Mr. Parsons was not at maximum medical improvement with regard to the cervical spine[1] and/or brachial plexus and ulnar nerve at the left elbow and thus providing an impairment rating at that time would not be appropriate. With regard to the biceps tendon, he found no evidence of permanent impairment related to the compensable injury.

On June 16, 2016, the Office of Judges found that Mr. Parsons has no permanent impairment for the left arm injury. The Office of Judges noted that the claims administrator granted no permanent partial disability award based on Dr. Mukkamala's independent medical evaluation report, which found Mr. Parsons to be at maximum medical improvement for the allowed conditions of non-traumatic rupture of the biceps tendon and sprain of unspecified site of elbow and left forearm. Dr. Mukkamala concluded that Mr. Parsons does not have any permanent impairment resulting from the compensable injury. In contrast, Dr. Soulsby opined that Mr. Parsons had not reached maximum medical improvement and recommended further evaluation of the cervical spine, including an MRI and EMG testing. Dr. Soulsby disagreed with Dr. Mukkamala on several points and opined that Dr. Mukkamala failed to recognize that the cervical symptoms and subluxation of the ulnar nerve were in fact directly related to the compensable injury. Dr. Soulsby declined to opine an impairment rating regarding the cervical spine, brachial plexus, or ulnar nerve. However, Dr. Soulsby assessed no permanent impairment related to the left elbow bicep tendon.

The Office of Judges found that Dr. Soulsby based his finding that Mr. Parsons had not reached maximum medical improvement on cervical conditions that are not compensable in this claim. He did note that Mr. Parsons had reached maximum medical improvement for his left elbow bicep tendon injury with no impairment. This finding was consistent with that of Dr. Mukkamala's. Accordingly, the Office of Judges found that Mr. Parsons had reached maximum medical improvement for his compensable injury and that he had no permanent partial disability. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on December 16, 2016.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The only compensable conditions in this claim are non-traumatic rupture of the biceps tendon and sprain of unspecified site of elbow and left forearm. Both Dr. Mukkamala and Dr. Soulsby opined that Mr. Parsons has reached maximum medical improvement for this compensable injury and that no permanent impairment is present. The evidentiary record supports a finding that Mr. Parsons suffered no permanent impairment as a result of the compensable injury.

---

[1] On February 1, 2016, the Office of Judges denied the request to add the cervical spine as a compensable condition in the claim. The Board of Review affirmed the Office of Judges' Order on August 31, 2016. This Court affirmed the Board of Review's decision on August 24, 2017.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  October 10, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker